IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

USA,                                                                                                No. CR05-00638   SI

        Plaintiff,                                                              **ORDER FOR PRETRIAL PREPARATION**

  v.

ROY LEWIS,

        Defendant.
_____/

Good cause appearing, **IT IS HEREBY ORDERED** that:

**TRIAL DATE**: On **July 31, 2006** at **8:30 a.m.** Courtroom 10, 19th floor, and will be before the JURY.

**TRIAL LENGTH** is estimated to be __ days.

**MOTIONS IN LIMINE** :
Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than **five court days** prior to the date set for the Pretrial Conference. Any party opposing such a motion in limine shall file and serve its opposition papers no later than **two court days** prior to the Pretrial Conference(with personal service directly on chambers). No reply papers will be considered, and the motions will be heard at the Pretrial Conference or at such other time as the Court may direct.

**PRETRIAL CONFERENCE**: A Pretrial Conference **SHALL** be held at **3:30 p.m.** on **July 18, 2006** in Courtroom 10. Not less than **three days** before the Pretrial Conference, counsel for the government **SHALL**:

    (1)    Serve and file a trial memorandum briefly stating the legal bases for the charges and the anticipated evidence, and addressing any evidentiary, procedural or other anticipated legal issues;

    (2)    Serve and file a list of all witnesses who may be called, together with a brief summary of the testimony of each;

    (3)    Serve and file proposed jury instructions on all substantive issues and on any procedural issue not adequately covered by the Court's standard instructions (which are published in the Ninth Circuit Manual of Model Jury Instructions). Counsel for the government shall deliver to the Courtroom Deputy a copy of its proposed jury instructions on a 3-1/2" floppy disk in the WordPerfect 9 format;

    (4)    Serve and lodge a proposed form of verdict and proposed questions for jury voir dire; and,

    (5)    Serve and file exhibit lists; and serve copies of all marked exhibits on all parties. Each item **SHALL** be premarked; generally, the government **SHALL** use numbers, the defendant, letters. The actual exhibits **SHOULD NOT** be filed with the Court, only the exhibit lists must be filed with the Court. The Court's copy of the actual exhibits should be handed up in Court on the day of the trial.

Not less than **three days** before the Pretrial Conference, defense counsel **SHALL** comply with subparagraphs (3) and (4) above, and, to the extent consistent with the defendant's right to an effective defense, with subparagraphs (1), (2) and (5) above.

Counsel **SHALL** confer in advance and be prepared to discuss with the Court any anticipated evidentiary objections and any means for shortening and simplifying the trial (e.g., by stipulating to such matters as chain of custody, nature of substances, use of the mails, etc.).

Counsel should submit an agreed upon set of additional requested voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree shall be submitted separately. Voir dire by counsel will not be permitted absent leave of Court.

**MOTIONS**: All motions **SHALL** be heard on **n/a** at in Courtroom 10, and **SHALL** comply with Crim. L.R. 47-2. Before filing any motion, counsel for defendant and for the government **SHALL** confer concerning any matter covered by Crim. L.R. 17.1-1, relevant to the case, in particular, subparagraphs (a), (b) and (c).

The party filing any motion or other paper in this case shall show on the first page beneath the file number which, if any, of the exclusions under 18 U.S.C. § 3161 may be applicable to the action sought or opposed by the motion or other paper, and his or her calculation of the amount of excludable time to the hearing date.

The party filing an opposition or other paper shall also show on the first page beneath the file number which, if any, of the exclusions under 18 U.S.C. § 3161 may be applicable to the action sought or opposed by the motion or other paper, and his or her calculation of the amount of excludable time to the hearing date. Crim. L.R. 47-2 (c)

**The following preliminary model instructions will be given before opening statement**: **1.01 - 1.11**.

The following model instructions will be given at the close of the evidence and before argument: **3.01 - 3.07** and **3.08 - 3.12** (as applicable).

The following model instructions will be given at the close of argument and immediately before deliberation: **7.01 - 7.05**.

**COPIES**: Each document filed or lodged with the Court must be accompanied by a **three-hole punched** copy for use in the Judge's chambers. In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

**TRANSCRIPTS**: If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least one week before trial commences.

**CHANGE OF PLEA**: Counsel **SHALL** comply with Local Rule 315-1 by giving prompt notice to the United States Attorney and to the Court of any intention to change a previously entered not guilty plea.

**EXHIBITS**: Each party is responsible for their exhibits. Upon the conclusion of the trial, each party **SHALL** retain their exhibits. Should an appeal be taken, it is each parties responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

Dated: 7/5/06

SUSAN ILLSTON
United States District Judge

2