IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 05-00638 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR STAY OF EXECUTION OF SENTENCE PENDING APPEAL** |
| v. | |
| ROY ALBERT LEWIS, | |
| Defendant. | |

On April 13, 2007, Defendant Roy Albert Lewis filed a motion for stay of execution of sentence pending appeal. For the following reasons, the Court DENIES defendant's motion.

**BACKGROUND**

Defendant Roy Albert Lewis was convicted by jury of one count of conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in the ascertainment, computation, assessment, and collection of federal income taxes, in violation of 18 U.S.C. § 371, and four counts of income tax evasion in violation of 26 U.S.C. § 7201. On February 23, 2007, the Court sentenced defendant to 24 months in custody, and 3 months supervised release. Subsequently, after defendant filed a "petition for termination of counsel of record," defendant's Court-appointed counsel, Heller Ehrman LLP, moved to withdraw. The Court granted counsel's motion. Acting pro se, defendant has since filed several documents with the Court, including a "Petition for First Amendment Redress of Grievance by Special Appearance to Challenge this Court's Want of Article III Jurisdiction and/or Venue over the Defendant-in-error; Petition to Dismiss and Quash and/or Vacate Indictment and Complaint for Want of Jurisdiction and/or Venue Article III," and a "Notice of Counter Claim and

Settlement." Defendant also filed a civil action, naming the International Monetary Fund and others as defendants.

Defendant has been designated to the Lompoc Federal Correctional Complex, and is to begin serving his sentence on Friday, April 20, 2007. Now before the Court is defendant's motion for stay of execution of sentence pending appeal and a motion for order shortening time for hearing on the motion for stay. For the following reasons, the Court DENIES defendant's motions.

## LEGAL STANDARD

18 U.S.C. § 3143(b)(1) provides in relevant part:

> [A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). To demonstrate a "substantial question," the defendant must show an appellate issue that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985).

## DISCUSSION

In his motion, defendant raises only one basis for appeal: ineffective assistance of counsel. In order to prevail on his claim of ineffective assistance of counsel, defendant must show (1) that counsel's performance, viewed objectively, was outside "the wide range of professionally competent assistance," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S. Ct. 2052, 2066, 2068 (1984).

Defendant fails to raise a "fairly debatable" question as to either of the two *Strickland* prongs. Defendant does not sufficiently show any substantive errors, legal or otherwise, made by his counsel. The only specific error defendant identifies is a failure by counsel to investigate "a flaw upon which the Federal Grand Jury Indictment was issued." This "flaw," according to defendant, was

> that the Special Agent Karyn E. Fazio from the Criminal Investigation Division was not lawfully delegated to investigate, testify, or provide to the Federal Grand Jury or the United States District Court or its jury any investigative reports or evidence, or testimony connected to the defendant, since the defendant was not, nor was he ever an U.S. Individual residing in "Panama Canal Zone, Puerto Rico, or the Virgin Islands" pursuant to the Treasury Delegation [sic] Order 150-42.

Mot. at 14:16-24 (repeated at 15:20-26). The Court has reviewed Treasury Department Order 150-42, and finds that it is not even remotely relevant to defendant's case. Counsel's decision not to pursue the "flaw" identified by defendant was therefore wholly reasonable.

Defendant received the highest quality legal counsel available in this district. Counsel advocated zealously and patiently on defendant's behalf throughout this case. Defendant's motion therefore does not "raise[] a substantial question of law or fact likely to result in" success on appeal, and the Court must DENY his motion for a stay of execution of sentence pending appeal pursuant to 18 U.S.C. § 3143(b)(1).[1] In light of this determination, defendant's motion for order shortening time for hearing is DENIED as moot.

**IT IS SO ORDERED.**

Dated: April 17, 2007

                /s/ Phyllis Hamilton
PHYLLIS HAMILTON
United States District Judge

for SUSAN ILLSTON
United States District Judge

---

[1] Defendant also argues that he should be released pursuant to the "exceptional reasons" provision of 18 U.S.C. § 3145(c). Section 3145(c) provides in pertinent part: "A person . . . who meets the conditions of release set forth in section 3143(a)(1) or (b)(1) [18 USCS § 3143(a)(1) or (b)(1)], may be ordered released, under appropriate conditions, by [a United States magistrate judge], if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Because defendant fails to meet the conditions of release set forth in section 3143(a)(1) or (b)(1), section 3145 does not apply. Furthermore, section 3145 relates to orders of release by Magistrates and others who, unlike this Court, are not "a judge of a court having original jurisdiction over the offense." *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4