IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00638 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING APPEAL** |
| v. | |
| ROY ALBERT LEWIS, | |
| Defendant. | |

Defendant has filed a motion for bail pending appeal. Hearing on the motion is currently scheduled for July 27, 2007. For the following reasons, the Court VACATES the July 27, 2007 hearing and DENIES defendant's motion.

**BACKGROUND**

Defendant Roy Albert Lewis was convicted by jury of one count of conspiracy to defraud the United States by impeding and impairing the Internal Revenue Service in the ascertainment, computation, assessment, and collection of federal income taxes, in violation of 18 U.S.C. § 371, and four counts of income tax evasion in violation of 26 U.S.C. § 7201. Prior to sentencing, defendant moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or for a new trial pursuant to Federal Rule of Criminal Procedure 33. The Court denied defendant's motion.

On February 23, 2007, the Court sentenced defendant to 24 months in custody, and 3 months supervised release. Subsequently, after defendant filed a "petition for termination of counsel of record," defendant's Court-appointed counsel, Heller Ehrman LLP, moved to withdraw. The Court granted counsel's motion. Acting pro se, defendant then filed several documents with the Court, including a

"Petition for First Amendment Redress of Grievance by Special Appearance to Challenge this Court's Want of Article III Jurisdiction and/or Venue over the Defendant-in-error; Petition to Dismiss and Quash and/or Vacate Indictment and Complaint for Want of Jurisdiction and/or Venue Article III," and a "Notice of Counter Claim and Settlement." Defendant also filed a civil action, naming the International Monetary Fund and others as defendants. Still acting *pro se*, defendant also filed a motion for stay of execution of sentence pending appeal (effectively a motion for bail pending appeal), on the grounds that he received ineffective assistance of counsel. The Court denied defendant's motion, and he began serving his sentence on Friday, April 20, 2007.

Defendant has appealed his conviction and sentence to the Ninth Circuit. Defendant, acting *pro se*, also filed with the Ninth Circuit an emergency motion for stay of execution of sentence pending appeal (again, effectively a motion for bail pending appeal). In an order issued on June 19, 2007, the Ninth Circuit directed the public defender to appoint appellate counsel for defendant, and denied his emergency motion for bail, without prejudice to renewal by new appointed counsel. On June 21, 2007, Nina Wilder was appointed counsel for defendant. Defendant's new counsel has now filed a motion for bail pending appeal in this Court.[1]

## LEGAL STANDARD

18 U.S.C. § 3143(b)(1) provides in relevant part:

> [A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . [shall] be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or

---

[1] The Ninth Circuit did not instruct or invite defendant's new counsel to file the renewed motion for bail in this Court, rather than with the Ninth Circuit. Apparently, counsel decided to do so in light of "this Court's far greater familiarity with the facts and issues." Notice of Mot. at 2 n.1.

2

              (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). "[P]roperly interpreted, 'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). To demonstrate a "substantial question," the defendant must show an appellate issue that is "fairly debatable." *Id.* at 1281.

## DISCUSSION

As defendant acknowledges, his current motion relies on exactly the same arguments put forward in his post-trial motion for judgment of acquittal or for a new trial. *See* Mot. at 3:16-20 ("These issues were argued throughout the proceedings, most concisely and forcefully in defendant's motion for acquittal or for a new trial. Accordingly, defendant adapts the statement of facts and arguments presented in the post-conviction motions . . . ."). The Court denied his post-trial motion, and similarly DENIES the instant motion for bail pending appeal. For the reasons set forth in the February 6, 2007 Order denying the post-trial motion, the Court finds that none of defendant's arguments raise "a substantial question of law or fact" for purposes of title 18 U.S.C. section 3143(b).

**IT IS SO ORDERED.**

Dated: July 25, 2007

                                              SUSAN ILLSTON
                                              United States District Judge